HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L MORGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>        Defendant. | CASE NO. C14-5901 RBL<br><br>ORDER |

Plaintiff Richard Morgan claims he has been disabled since January 13, 2013. He is a seventeen year Army veteran suffering from the following severe impairments: degenerative disc disease, carpal tunnel syndrome, osteoarthritis of the knee, migraine headaches, tendonitis, and unspecified cognitive and anxiety disorders. He protectively filed a Title II application in September, 2013. After an administrative hearing, ALJ Gary Elliot denied Morgan's application for disability benefits on August 14, 2014. AR 12-23. The ALJ's determination is the Commissioner's for purposes of this appeal.

Morgan timely appealed. He claims the ALJ erred in three areas: (1) he rejected Samuel Coor, D.O.'s opinions without providing legitimate, specific reasons for doing so; (2) he rejected the VA's 100% disability rating without giving persuasive, specific, valid reasons for doing so;

and, (3) while he gave significant weight to Dr. Jennifer Irwin's psychological evaluation, he erred in failing to account for her determination that Morgan "would have difficulty dealing with the usual stress encountered in the workplace."

Morgan also argues that while the ALJ did not find him to be credible, that alone is not a basis for finding him no disabled. Morgan asks the Court to "credit as true" the evidence he claims was wrongly ignored and remand for payment of disability benefits, or for a new hearing.

The Commissioner concedes that the ALJ's reasoning for rejecting Coor's opinions about Morgan's ability to lift, sit and stand was unclear, but she claims that any errors were harmless. She claims that ALJ's reasoning can be inferred and that no "magic words" are required. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

She argues that the VA's disability rating is not dispositive, and that the ALJ gave persuasive, specific valid reasons for discounting that rating, and for finding instead that Morgan had a greater level of functioning than suggested by the VA rating. The Commissioner argues that the ALJ's discounting Dr. Irwin's "stress" opinion was reasonable, and points out that he did incorporate into his findings Dr. Irwin's concrete work-related limitations. She argues that the more general "stress" impacts on Morgan's ability to work are not inconsistent with the ALJ's RFC, and points out that even Irwin opined that Morgan "could complete a normal workday, workweek without interruption for a psychiatric condition." Tr. 376.

The Commissioner also argues that if the Court disagrees, the "ordinary remand rule"—for further proceedings, not an award of benefits—is the proper course. She argues that the record raises serious doubts about whether Morgan is, in fact disabled.

### A. Standard of Review.

To obtain disability insurance benefits, a claimant must have been disabled on or before his or her last date insured. *Flaten v. Sec'y of HHS*, 44 F.3d 1453, 1460–65 (9th Cir. 1995). A five-step "sequential evaluation process" is used to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. The claimant bears the burden during steps one through four, but the burden shifts to the Commissioner at step five. *Hoffman*, 785 F.2d at 1424-25.

At step **one**, the claimant must show that he or she is not engaged in substantial gainful activity. *See* C.F.R. § 404.1520(b). At step **two**, the ALJ must determine whether the claimant suffers from "severe impairments" within the meaning of the regulations. *See* C.F.R. § 404.1520(c). At step **three**, the claimant can conclusively establish that he or she is disabled by showing that any of his or her impairments equal one of the impairments listed in Appendix 1 to 20 C.F.R. § 404. *See* 20 C.F.R. § 404.1520(d). If the claimant is unable to do so, at step **four**, the ALJ must determine whether the claimant is able to perform his or her past relevant work.[1] *See* 20 C.F.R. 404.1520(f).

If she is unable to perform past relevant work, the claimant is disabled unless, at step **five**, the ALJ concludes that he or she can perform other work available in the national economy. *See* 20 C.F.R. 404.1520(g).

If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social

---

[1] Past relevant work is defined as work that the claimant has performed in the past 15 years. *See* 20 C.F.R. § 404.1520(f).

Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step **four** to determine whether he or she can do his or her past relevant work, and at step **five** to determine whether he or she can do other work. *Id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

A VA determination of disability is ordinarily entitled to great weight. *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009); *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). However, an ALJ may give less weight to the VA's decision if the ALJ provides "persuasive, specific, valid reasons for doing so that are supported by the record." *Berry*, 622 F.3d at 1236; *Valentine*, 574 F.3d at 694-95; *McCartey*, 298 F.3d at 1076; *see also Turner v Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010).

This Court must uphold the Commissioner's determination that a claimant is not disabled, if the Commissioner applied "proper legal standards," and her determination is supported by "substantial evidence in the record as a whole." *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A

1 decision supported by substantial evidence will, nevertheless, be set aside if the proper legal
2 standards were not applied in weighing the evidence and making the decision.") (*citing Brawner*
3 *v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

4 Evidence is "substantial" if a reasonable mind might accept it as adequate to support a
5 conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*,
6 359 F.3d at 1193 ("The Commissioner's findings are upheld if supported by inferences
7 reasonably drawn from the record."). The substantial evidence test requires that the reviewing
8 court determine whether the Commissioner's decision is "supported by more than a scintilla of
9 evidence, although less than a preponderance of the evidence is required." *Sorenson v.*
10 *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Furthermore, if the evidence admits of
11 more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v.*
12 *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to
13 support either outcome, we must affirm the decision actually made.") (internal citation omitted).

14 If this Court reverses an ALJ's decision, "the proper course" is to remand to the agency
15 or additional investigation or explanation." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir.
16 2004).

**B. The ALJ's evaluation of Coor's opinion and the VA's disability rating is not supported by substantial evidence.**

The court agrees that the ALJ's determination adequately accounted for Dr. Irwin's opinion about the impact of "stress" on Morgan's ability to work. But it cannot agree that the ALJ's "path" to his "not disabled" determination can be "reasonably discerned" from the record or the ALJ's discussion of Coor's opinions.

As Morgan points out, in this Circuit, an ALJ cannot be deemed to have considered and rejected medical opinions without explanation. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). Indeed, an ALJ's opinion reading only "benefits denied" cannot be successfully defended with a persuasive brief. *See Spiva v. Atrue*, 638 F.3d 346, 353 (7th Cir. 2010). The opinion here contained more than that, but it did not address or adequately reject Coor's opinion.

And it did not explain why the VA's 100% disability rating was rejected. Rather than give the required "specific, persuasive reasons for discounting the VA's rating, the ALJ simply (and in in conclusory fashion) stated only that " [t]he undersigned notes the medical records of evidence support a greater level of functioning than suggested by the VA rating. As such this rating is given lesser weight." AR 20. This is not sufficient.

**C. The case is remanded for additional proceedings.**

The issue, then, is whether to remand for further proceedings or to "credit as true" the discounted evidence and remand for an award of benefits.

The "credit as true" rule requires remand for payment of benefits where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand; and (3) the record has been fully developed and further administrative proceedings would serve no useful purpose. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Morgan argues that the Commissioner has not identified any issues to be addressed in further proceedings, and asks the court to credit as true Coor's opinions and the VA's 100% disability rating. The commissioner urges the court to remand for further proceedings if it determines (as it has) that the ALJ's reasoning was not sufficient.

1       The question is a close one, but it cannot be said that the ALJ could not adequately

2 explain his reasoning for rejecting either set of evidence. The case is therefore REMANDED to

3 the ALJ for further proceedings.

4       IT IS SO ORDERED.

5       Dated this 2nd day of December, 2015.

_____

Ronald B. Leighton
United States District Judge